IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| MEDLEGAL SOLUTIONS, INC., d/b/a ATTICUS MEDICAL BILLING, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No. 1:24-cv-00463 ) ) Judge Jorge L. Alonso |
| PREMIUM HEALTHCARE SOLUTIONS LLC, | ) ) ) ) |
| Respondent. | ) |

**REQUEST FOR ENTRY OF JUDGMENT AND LIFT OF AUTOMATIC STAY**

Pursuant to Federal Rule of Civil Procedure 58(d), Petitioner, MedLegal Solutions, Inc., d/b/a Atticus Medical Billing ("Atticus"), by and through its undersigned counsel, respectfully requests that judgment be set out in a separate document as required by Rule 58(a) and further request that the Court order that the automatic 30-day stay of execution of judgment be lifted pursuant to Federal Rule of Civil Procedure 62(a). In support of its Request, Atticus states as follows:

1. On May 8, 2024, the Court entered an Order for Default Judgment in favor of Atticus and against Respondent, Premium Healthcare Solutions LLC, in the amount of $488,301.36, plus interest (the "Order"). [ECF No. 14].

2. $475,954.56 of that amount was awarded to Atticus on January 2, 2024, as the prevailing party in an arbitration. [ECF No. 1, Petition to Confirm Arbitration Award, ¶ 1]. Thus, Atticus has been waiting for over six months to collect the judgment from Respondent.

3. Rule 58(a) requires that "[e]very judgment . . . must be set out in a separate document," except under five specific circumstances not applicable here. Fed. R. Civ. P. 58(a). Further, where, as here, "the court awards . . . a sum certain," "the clerk *must*, without awaiting

the court's direction, promptly prepare, sign, and enter judgment." Fed. R. Civ. P. 58(b)(1)(B) (emphasis added).

4. To date, the Clerk of Court has yet to enter Judgment in a Civil Case (form ILND 450), as required by Rules 58(a) 58(b)(1). Accordingly, Atticus respectfully requests, pursuant to Rule 58(d), that judgment promptly be set out in a separate document as required by Rule 58(a).

5. Pursuant to Rule 62(a), "execution on [the] judgment and proceedings to enforce it are stayed for 30 days after its entry, *unless the Court orders otherwise*." Fed. R. Civ. P. 62(a) (emphasis added). Given that Respondent never appeared in this case and that the Court entered the Order over six weeks ago, Atticus respectfully requests that the Court order that the automatic stay be lifted so that Atticus may immediately execute on the judgment once the Clerk of Court enters it.

WHEREFORE, Petitioner, MedLegal Solutions, Inc., d/b/a Atticus Medical Billing, respectfully requests that judgment be set out in a separate document as required by Rule 58(a) and further requests that the Court order that the automatic 30-day stay of execution of judgment be lifted pursuant to Federal Rule of Civil Procedure 62(a), and for any such further relief that the Court deems just and appropriate.

Dated: June 21, 2024

    Respectfully submitted,

    MEDLEGAL SOLUTIONS, INC.
    d/b/a ATTICUS MEDICAL BILLING

    By: *Christine E. Skoczylas*

    Christine E. Skoczylas
    BARNES & THORNBURG, LLP
    One North Wacker Drive, Suite 4400
    Chicago, IL 60606

tel: (312) 357-1313
fax: (312) 759-5646
*christine.skoczylas@btlaw.com*

*Attorney for MedLegal Solutions, Inc.
d/b/a Atticus Medical Billing*

3

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2024, I caused a copy of the foregoing document to be served via email upon the following parties:

    Rajeev Batra – *RAJ@phsol.com*
    Nicole Andre, Esq. – *andiokno@gmail.com, andiokno@aol.com*

And via Federal Express upon:

    Premium Healthcare Solutions
    3 Grant Square
    #322
    Hinsdale, IL 60521

    */s/ Christine E. Skoczylas*