**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MEDLEGAL SOLUTIONS INC. D/B/A ATTICUS MEDICAL BILLING | ) ) ) | |
| Petitioner, | ) ) | Case No. 1:24-cv-00463 |
| v. | ) ) | Judge Jorge L. Alonso |
| PREMIUM HEALTHCARE SOLUTIONS LLC | ) ) ) | |
| Respondent, | ) ) | |
| HOSPITAL CAPITAL PARTNERS, LLC, | ) ) | |
| Respondent. | ) | |

**MOTION FOR CONDITIONAL JUDGMENT**

Petitioner, MedLegal Solutions Inc. d/b/a Atticus Medical Billing ("MedLegal"), pursuant to Federal Rule of Civil Procedure 69 (incorporating 735 ILCS 5/2-1402), respectfully moves this Court to enter a conditional judgment against third-party citation respondent, Hospital Capital Partners, LLC ("HCP"). In support, MedLegal states as follows:

**INTRODUCTION**

1. Pursuant to the Third-Party Citation to Discover Assets served in HCP on January 8, 2025, HCP was required to file an answer or appear for examination on January 22, 2025 (the "Citation") regarding assets of Judgment Debtor, Premium Healthcare Solutions LLC ("PHS" or "Judgment Debtor"), that HCP may have been holding. Despite proper service, HSP has failed to file any answer to the citation or otherwise respond to the citation proceedings. Under 735 ILCS 5/2-1402(f)(1), a citation respondent's failure to comply with a citation to discover assets may result in entry of a judgment against the respondent for the unsatisfied amount of the underlying

1

judgment. Petitioner accordingly requests that this Court enter conditional judgment against Hospital Capital Partners in the amount of $289,290.71, the current unsatisfied judgment balance.

## FACTUAL BACKGROUND

### I. The underlying judgment

2. On July 1, 2024, the Court entered a final judgment in favor of MedLegal and against Judgment Debtor, Premium Healthcare Solutions LLC ("PHS" or "Judgment Debtor"), in this case in the amount of $488,301.36, plus interest. [Dkt. 14; Dkt. 19]. To date, PHS has made no payments to MedLegal to satisfy the judgment, but MedLegal has been able to collect certain other amounts from various third-party citation respondents. Thus, there is now due a sum of $289,290.71, with further sums that may become due as costs and interest accrue.

3. On January 22, 2025, the Court entered a continuing impressed judicial lien on PHS's assets, including its accounts receivable, pursuant to Rule 69 (incorporating 735 ILCS 5/2-1402(k-10)).

### II. HCP and its relationship with the judgment debtor

4. HCP is a medical billing management company that has managed PHS's healthcare liens and accounts receivable. In that capacity, Hospital Capital Partners has negotiated the settlement of PHS's healthcare liens with various personal injury attorneys and has collected settlement payments on PHS's behalf.

5. Since December 2021, at the latest, HCP sent letters to personal injury attorneys who represented PHS's patients in personal injury case directing the attorneys "to pay and disburse any funds to fully satisfy [PHS's] medical lien[s]" to HCP. *See* December 15, 2021 Directive Letter, attached as Exhibit 1.

2

### III. Service of the Third-Party Citation to Discover Assets

6.      On January 7, 2025, the Clerk of the Court issued a Third-Party Citation to Discover Assets to HCP. On January 8, 2025, MedLegal properly served the Citation via Certified Mail. A copy of the Citation is attached as Exhibit 2. A copy of the certified receipt and green card are attached as Exhibit 3. The Citation required HCP to either file an answer to the citation or appear for examination on January 22, 2025. *Id.*

7.      At the time that it was served with the Citation, HCP was registered to do business in Illinois, was in good standing, and had an Illinois agent for service. *See* Illinois Secretary of State Business Records search result for HCP, attached as Exhibit 4.

8.      The Citation explicitly warned HCP that its "failure to comply with the citation proceeding may result in a judgment being entered against you for the unsatisfied amount of this judgment" pursuant to 735 ILCS 5/2-1402(f)(1). Ex. 2. The citation further warned that failure to appear in court or file an answer "MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN JAIL." *Id.*

9.      Despite proper service of the citation, HCP has failed to file any answer or otherwise respond to the citation. HCP did not appear for examination on January 22, 2025, as required. HCP has not filed any written response to the interrogatories contained in the citation, nor has it communicated with Petitioner's counsel regarding the citation.

### LEGAL STANDARD

10.      Federal Rule of Civil Procedure 69(a)(1) provides that the procedure on execution of a judgment for money "must accord with the procedure of the state where the court is located

. . . ." Accordingly, supplementary proceedings to enforce judgments in this Court are governed by Illinois law, specifically 735 ILCS 5/2-1402.

11.     Section 2-1402(a) of the Illinois Code of Civil Procedure authorizes a judgment creditor to prosecute supplementary proceedings "for the purpose of examining the judgment debtor or any other person to discover assets or income of the debtor not exempt from the enforcement of the judgment." 735 ILCS 5/2-1402(a).

12.     Under Illinois law, a citation respondent's failure to appear and answer has significant consequences:

> When any person summoned as garnishee fails to appear and answer as required by Part 7 of Article XII of this Act, the court may enter a conditional judgment against the garnishee for the amount due upon the judgment against the judgment debtor.

735 ILCS 5/12-706(a); *see also* 735 ILCS 5/2-1402 (k-3) (permitting the court to enter "any order upon or judgment against the respondent cited that could be entered in any garnishment proceeding"). In such a case, a summons is issued against the respondent, commanding it to "show cause why the judgment should not be made final." 735 ILCS 5/12-706(a).

## ARGUMENT

13.     The Citation was properly issued by the Clerk of this Court on January 7, 2025 and served upon Hospital Capital Partners through its registered agent, Illinois Corporation Service Company. *See* Exs. 2-3. The citation complied with all requirements of 735 ILCS 5/2-1402 and Supreme Court Rule 277, including the required warnings regarding the consequences of failure to respond. *See* Ex. 2.

14.     HCP has wholly failed to comply with the citation. It did not file a written answer to the citation. It did not appear for examination on January 22, 2025. It has made no effort to contact MedLegal's counsel or otherwise respond to the citation proceedings. HCP's complete

failure to respond constitutes a violation of the citation and this Court's order. Accordingly, all requirements for the entry of a conditional judgment against HCP have been satisfied.

15. HCP's failure to respond to the Citation is particularly prejudicial here, given its documented relationship with PHS, the Judgment Debtor, for which HCP served as its billing management company and collected healthcare lien settlement payments on PHS's behalf. HCP is therefore likely to possess information regarding PHS's assets and may hold funds that belong to PHS. By refusing to respond to the Citation, HCP has frustrated MedLegal's efforts to discover and collect upon PHS's assets.

16. Because HCP failed to answer the Citation issued by the Court, MedLegal requests the Court enter a conditional judgment against HCP in the amount of $289,290.71.

WHEREFORE, MedLegal respectfully requests this Court issue a conditional judgment against HCP in the amount of $289,290.71, order that the conditional judgment shall become final unless HCP appears before this Court and purges its contempt by answering the Citation and complying with any turnover orders within a time period set by the Court, issue a summons against HCP, and for any other relief the Court deems just and appropriate.

Dated: February 26, 2026

Respectfully Submitted,

MEDLEGAL SOLUTIONS INC.
D/B/A ATTICUS MEDICAL BILLING

/s/ *Christine E. Skoczylas*
Christine E. Skoczylas (#6293811)
Allison L. Lantero (#6339269)
BARNES & THORNBURG, LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606
tel: (312) 357-1313
fax: (312) 759-5646
christine.skoczylas@btlaw.com
allison.lantero@btlaw.com

*Attorney for MedLegal Solutions, Inc.*
*d/b/a Atticus Medical Billing*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on the 26th day of February, 2026, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record, and by sending copies of the foregoing document via certified mail to Hospital Capital Partners LLC at the address below:

Hospital Capital Partners, LLC
c/o Illinois Corporation Service Company
801 Adlai Stevenson Dr.
Springfield, IL 62703-4261

Hospital Capital Partners, LLC
c/o Richard Cruz – National Health Partners
1347 N. Alma School Road, Suite 150
Chandler AZ, 85224

*s/ Christine E. Skoczylas*